THE STATE OF NEW JERSEY
IN THE INTEREST OF J. F., JUVENILE.

Superior Court of New Jersey
Appellate Division

Argued April 13, 1976—Decided May 11, 1976.

Before Judges LYNCH, LARNER and HORN.

*Mr. Robert Aaron Greenberg,* Assistant Prosecutor, argued the cause for appellant (*Mr. Thomas J. Shusted,* Camden County Prosecutor, attorney).

*Mr. Michael A. Ferrara, Jr.,* argued the cause for respondent (*Messrs. DeMichele* and *Ferrara,* attorneys).

The opinion of the court was delivered by

HORN, J. A. D.   The sole issue raised in this appeal by the State is whether the judge of the Juvenile and Domestic Relations Court erroneously denied the State's motion under

*N. J. S. A.* 2A:4–48 and implementing rule *R.* 5:9–5(b) to waive jurisdiction and to refer the case involving the juvenile to the Camden County Prosecutor for prosecution as a criminal case.

On or about July 10, 1974 two juvenile delinquency complaints involving J. F., then a juvenile, were filed. Each complaint was executed by two Gloucester Township, Camden County, detectives. One complaint charged that on July 9, 1974 J. F. committed an act of delinquency, homicide, in violation of *N. J. S. A.* 2A:113–1, by stabbing one George Baptiste with a knife and inflicting wounds upon him from which said Baptiste died. The second complaint charged the juvenile with having committed acts of delinquency, atrocious assault and battery, by inflicting knife wounds upon Joseph Goughen and Gregory Baptiste, in violation of *N. J. S. A.* 2A:90–1, also on July 9, 1974.

A hearing on the State's motion for waiver and transfer of the charges to the Camden County Prosecutor without the consent of the juvenile was conducted by a judge of the Juvenile and Domestic Relations Court on February 21 and 25, 1975 in the presence of an assistant county prosecutor, the juvenile and his counsel. At the hearing it was stipulated that the juvenile was born July 18, 1956, so that at the time of the alleged commission of the acts charged in the respective complaints he would have attained his 18th birthday eight days later.

The trial judge found that all the criteria for transfer as set forth in *N. J. S. A.* 2A:4–48 and *R.* 5:9–5(b) were not present. Under that statute and rule, before a judge may order a transfer in a case like the instant one he must find that (1) the juvenile was 16 years of age or over at the time when the delinquent act or acts were committed, and (2) there is probable cause to believe that the juvenile committed a delinquent act that would constitute homicide if committed by an adult, or committed an offense against the person in an aggressive, violent and willful manner. In addition

to the foregoing he must also be satisfied that (3) the adequate protection of the public requires such waiver and (4) there are no reasonable prospects for rehabilitation of the juvenile by use of the proceedings, services and facilities available to the court pursuant to law.[1]

The judge found specifically that the State had failed to establish probable cause to believe that the juvenile committed the acts charged in the complaints. He also found that the public could be protected by the facilities available to the Juvenile Court. However, in discussing the evidence the judge stated: "And the fact one man's dead, and two others were supposedly stabbed, to me * * * that is a very serious matter, and that would require the protection of the public."

The present statute and rule which govern became effective in 1974.[2] The superseded statute and rule, *N. J. S. A.* 2A:4–15 and *R. R.* 6:9–7, authorized the court to refer the case of a 16 or 17-year-old to the county prosecutor if it appeared that the youth was an habitual offender or had been charged with an offense of a heinous nature under circumstances which might require imposition of sentence rather than disposition permitted by the Juvenile Delinquency Act for the welfare of society. *State v. Van Buren,* 29 *N. J.* 548, 554 (1959). We are not referred to any case in this State which has been decided under the present statute and rule.

---

[1] *N. J. S. A.* 2A:4–48 reads in part: "c. The court is satisfied that adequate protection of the public requires waiver and is satisfied there are no reasonable prospects for rehabilitation of the juvenile *prior to his attaining the age of majority* * * *." The italicized phrase does not appear in the 1974 version of the rule due to inadvertence. See Comment following this rule in *Rules Governing the Courts of the State of New Jersey* (1976 ed.). The rule was again amended, effective September 8, 1975, to include the omitted phrase. Although the trial judge appeared to view the omission in the rule as deliberate, our determination does not turn on this point.

[2] Subject to what is stated in footnote 1.

So long as a juvenile is under the jurisdiction of the Juvenile and Domestic Relations Court the procedural course is deemed protective rather than punitive. *State v. Smith,* 32 *N. J.* 501, 530 (1960). In *State v. Van Buren, supra,* 29 *N. J.* at 557, decided under the former statute and rule, it was said that a case may be referred to the prosecutor when the circumstances indicate that if the charge is ultimately established, society would be better served by the criminal process by reason of the greater security which may be achieved or the deterring effect which that process is thought to accomplish. Notwithstanding the changes that have been wrought with respect to the criteria governing the judge's determination whether to transfer to the prosecutor or not, the foregoing thesis is as viable today as it was when pronounced.

In dealing with crime the protection of society must always be a primary consideration, whether the criminal acts are committed by juveniles or adults. If there is a possibility of rehabilitation and the undertaking to that end does not conflict with the required protection of society, and there is no other persuasive reason for taking some other course, then rehabilitation under the continued protection of the Juvenile Court may be considered.

According to a witness presented by the State at the hearing below, on July 9, 1974, at about 9 p.m., at the intersection of Pine and Glenn Avenues in Gloucester Township the juvenile was seen engaged in a fray with a number of persons. A short time later the juvenile was seen to turn the corner in a Cadillac automobile he was driving and to attempt to run down three persons. The attempt was unsuccessful but the youth brought the vehicle to an abrupt halt and jumped from his car. Three persons who had picked up sticks attempted to hit him with the sticks. Shortly thereafter one of the persons, wearing a pink body shirt, left the melèe with blood running from his shoulder. The juvenile then returned to his automobile and sped away from

the scene to a location near some woods and a ravine, and threw something into the woods. He then drove away at a high rate of speed. Subsequently, a leather knife sheath was found in the same vicinity where the juvenile was seen to throw an object. The sheath was approximately seven inches long and would accommodate the minimum size of the knife used to stab one of the three, who received, among other wounds, a fatal knife wound to his heart.

The trial judge seemed to have been impressed by the fact that the witness did not actually see a weapon in the hand of the juvenile. However, it was obvious that it was the juvenile on one side of the combat and the three who were stabbed on the other side. In our opinion the foregoing evidence, although circumstantial, manifested the required probable cause.

We consider the elements required to be present to authorize the transfer of the cases to the prosecutor. We find (1) the juvenile was 17 years of age and (2) the probable cause is clearly evident. We of course recognize that even though the charge amounts to murder and the heinous nature of the offense appears on the face of the complaint, that alone is not enough to justify referral. *State v. Loray,* 46 *N. J.* 179, 191 (1965). However, the details surrounding the commission of the offense and the nature of the crime are proper considerations. The crimes committed as recounted in the record were extraordinarily vicious. We are therefore satisfied, in the light of the record, that (3) the adequate protection of the public requires such waiver and (4) there are no reasonable prospects for rehabilitation of the juvenile, if he was the one who committed the crimes, by use of the proceedings, services and facilities available to the Juvenile Court pursuant to law.

Moreover, we also have concluded that society would in this case be better served by the criminal process, by reason of the greater security which may be achieved or the deterring effect which the normal criminal process is believed to accomplish. *State v. Van Buren, supra.*

We therefore find that the action of the trial judge in denying the application of the prosecutor constituted an abuse of discretion (*State v. Van Buren, supra,* 29 *N. J.* at 559) and from the standpoint of society clearly brought about an unjust result (*State v. Johnson,* 42 *N. J.* 146, 162 (1964)).

Because of the importance to the public and those accused of crime that speedy trials be afforded, we have decided to exercise our original jurisdiction under *R.* 2:10–5. Having found that all of the criteria required to be established at the hearing pursuant to the statute, *N. J. S. A.* 2A: 4–48, and *R.* 5:9–5(b) are present, we also determine that under all the circumstances the jurisdiction of the Juvenile and Domestic Relations Court should be waived and the case, based on the two filed complaints should be referred to the Camden County Prosecutor so that J.F. may be prosecuted in the Superior Court.

So ordered.